UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLATFORM REAL ESTATE INC.,

               Plaintiff,

  -against-

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

               Defendant.

No. 19 Civ. 2575

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    In this declaratory judgment action, Plaintiff Platform Real Estate Inc. ("Platform") seeks an order declaring that that the broker registration requirements of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") only apply to "persons using securities exchange facilities or trading securities over the counter for clients."  (Complaint dated Mar. 22, 2019 ("Compl.") [dkt. no. 1] ¶ 1.)  The Securities and Exchange Commission ("SEC") has moved to dismiss Platform's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Notice of Motion, dated Oct. 4, 2019 [dkt. no. 16].)  For the reasons set forth below, the SEC's motion is GRANTED.

    I.    **BACKGROUND**

    **Platform's Business Plan.**  Platform is a New York business corporation that seeks to engage in certain business activities without registering as a broker under Section 15(a) of the

Exchange Act.  (Compl. ¶¶ 1, 6.)  Platform alleges the following regarding its business plans:

> 11.   [Platform] plans to act as a finder to raise capital for various business ventures in the United States . . . .  The business ventures typically will be organized as corporations or partnerships with shareholder or partnership agreements.  Domestic or international investors may contribute capital to the business ventures as shareholders or limited partners without active management functions.
>
> 12.   The private placement transactions in which [Platform] plans to assist will be conducted through arms-length negotiations between startup companies in the real estate, manufacturing, food service, and related industries and investors.  [Platform] will participate in the negotiations between the issuer and the investor.  These will be transactions in primary issuances; there likely will be no secondary market for these securities.  The equity interests that investors will receive for the investments are "securities," as that term is defined in the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).
>
> 13.   Investors for these private placements typically will be sophisticated high net worth individuals or entrepreneurs who can afford and appreciate the business risks of investing in startup companies (accredited investors as that term is defined by Regulation D Rule 501 [17 C.F.R. § 230.501]).
>
> 14.   The offering price of these investments typically will be fixed, and not subject to fluctuations due to speculation or manipulation.  [Platform] likely will be paid a modest percentage of the capital raised as compensation for its services.  There is little resemblance between these private placement transactions and the secondary trading transactions done through securities exchanges or over-the-counter markets.

(Compl. ¶¶ 11-14.)

**Section 15(a) and Platform's Declaratory Judgment Claims.**

Exchange Act § 15(a) makes it unlawful for a broker "to effect

any transactions in, or to induce or attempt to induce the purchase or sale of, any security" unless the broker is registered with the SEC.  (Id. ¶ 18 (quoting 15 U.S.C. § 78o).) Section 3(a)(4)(A) of the Exchange Act defines a "broker" as any "person engaged in the business of effecting transactions in securities for the account of others."  (Id. ¶ 19 (quoting 15 U.S.C. § 78c(a)(4)(A).)  Platform alleges that "[g]iven the current state of the law as interpreted and enforced by the SEC, [Platform] believes that if it were to carry out its business plan . . . the SEC would consider it to be a broker that must register under Section 15(a)."  (Id.)  Accordingly, Platform seeks a declaratory judgment that Platform and other entities "with similar business models are not required by Section 15(a) to register as a broker."  (Compl. at 10.)

The crux of Platform's declaratory judgment claim is that the SEC's practice of applying Section 15(a) to "finders" of capital is legally unfounded.  Platform contends that the purpose of the Exchange Act is "to regulate securities exchanges and the over-the-counter market" and "transactions that 'are carried on in large volume by the public generally.'"  (Id. ¶¶ 28-29 (quoting 15 U.S.C. § 78b(1).)  In light of that purpose, Platform alleges that the Exchange Act only requires "persons using securities exchange facilities or trading securities over the counter for clients [to] undertake the

3

onerous requirements to register as brokers and be subject to SEC and other regulations." (Id. ¶ 1.) Platform contends that the activities it plans to pursue -- i.e., "rais[ing] capital for various business ventures" without using exchanges or large-scale over-the-counter markets -- bring Platform outside the purview of Section 15(a)'s registration requirement, and it seeks a declaratory judgment to that effect. (Id.)

**Prior Litigation.** Platform was founded, incorporated, and is owned by an individual named Hui Feng. Mr. Feng also serves as Platform's counsel in this litigation, and his law practice shares a business address with Platform. (See Declaration of Kerry J. Dingle, dated Oct. 4, 2019 [dkt. no. 18], Exs. A & B; Memorandum of Law in Opposition to Motion to Dismiss, dated Jan. 18, 2020 ("Opp.") [dkt. no. 21] at 26; Order dated Oct. 4, 2019 [dkt. no. 19].) This lawsuit is not the first time Mr. Feng has crossed paths with Section 15(a)'s registration requirements. In 2015, the SEC sued him and his law practice for failing to register under Section 15(a), among other alleged violations, in connection with his business facilitating investments under the federal EB-5 Immigrant Investor Program. See SEC v. Feng, No. 15 Civ. 9420 (CBM), 2017 WL 6550869 (C.D. Cal. June 29, 2017). That lawsuit resulted in a judgment and injunction against Mr. Feng, which the Ninth Circuit Court of Appeals later affirmed. SEC v. Feng, 935 F.3d 721 (9th Cir. 2019).

4

**SEC's Motion to Dismiss.**  Platform filed this case while Mr. Feng's appeal of the judgment against him was still pending before the Ninth Circuit.  On October 4, 2019, the SEC moved to dismiss the Complaint, arguing, among other things, that (i) the Court lacks subject matter jurisdiction over this dispute because Platform has not suffered any injury and is requesting an advisory opinion on its contemplated business activities; and (ii) Platform is collaterally estopped from arguing that Section 15(a) does not apply to private securities transactions because that issue was already litigated and resolved in the earlier Ninth Circuit litigation against Mr. Feng.

## II. LEGAL STANDARDS

### a. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to dismiss the complaint for "lack of subject matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurecchione v. Schoolman Transp. Sys. Inc., 426 F.3d 635, 638 (2d Cir. 2005).

5

On a Rule 12(b)(1) motion, "the court must take all facts alleged in the complaint as true," Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "The court 'may resolve disputed factual issues by reference to evidence outside the pleadings,' including affidavits and documents." Sasson v. Hachette Filipacchi Presse, No. 15 Civ. 00194 (VM) (SN), 2016 WL 1599492, at *2 (S.D.N.Y Apr. 20, 2016) (quoting State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n. 4 (2d Cir. 2007)).

**b. Failure to State a Claim Under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion, "the district court . . . is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief." Galper v. JP Morgan Chase Bank, N.A., 802 F.3d 437, 443 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant

6

is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  Leonard F. v. Isr. Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).  The Court may "rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including the public record of prior judicial decisions."  Jordan v. Verizon Corp., No. 08 Civ. 6414 (GEL), 2008 WL 5209989, at *5 (S.D.N.Y. Dec. 10, 2008).

### III. DISCUSSION

#### a. Rule 12(b)(1) Motion

The Court will first consider the SEC's motion to dismiss for lack of subject matter jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 200) (citation and internal quotation marks omitted).  Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies'" thus "restrict[ing] the authority of federal courts to resolving the legal rights of

7

litigants in actual controversies." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013) (citation and some internal quotation marks omitted). The "Case" and "Controversy" restriction requires "those who invoke the power of a federal court to demonstrate standing -- a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013) (citation and internal quotation marks omitted).

To satisfy the first requirement for standing -- i.e., that the plaintiff "suffered an injury in fact" -- the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 688 (2d Cir. 2013). "To establish standing to obtain prospective relief, a plaintiff must show a likelihood that he will be injured in the future." Carver v. City of N.Y., 621 F.3d 221, 228 (2d Cir. 2010) (citation and internal quotation marks omitted). There must either be a "substantial risk" that the future injury will occur, or the future injury must be "certainly impending." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). "[A]llegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (emphasis in original) (citation

8

and internal quotation marks omitted).  If government action is threatened, the plaintiff need not "expose himself to liability before bringing suit to challenge the basis for the threat." MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 119 (2007). Instead, the plaintiff may satisfy the injury requirement by demonstrating that "the threatened enforcement [is] sufficiently imminent."  Susan B. Anthony List, 573 U.S. at 159.

Applying those principles, the Court finds that Platform lacks standing because it has not shown a "substantial risk" of a future SEC enforcement action against it for violating Section 15(a).  Susan B. Anthony List, 573 U.S. at 158 (2014).  The Complaint reveals that Platform's legal exposure is purely hypothetical at this point.  For instance, Platform alleges that: (i) it "plans to act as a finder to raise capital for various business ventures" that "typically will be organized as corporations or partnerships;" (ii) investors -- who "typically will be sophisticated high net worth individuals or entrepreneurs" -- "may contribute capital to the business ventures;" (iii) the investment offering price "typically will be fixed;" and (iv) Platform "likely will be paid a modest percentage of the capital raised."  (Compl. ¶¶ 11-14 (emphasis added).)  The highly vague, conditional, and predictive language in which Platform couches its contemplated business plan falls short of demonstrating a "substantial risk" that an enforcement

9

action against it is imminent.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992); Susan B. Anthony List, 573 U.S. at 158 (2014).  "Such 'someday intentions'—without any description of concrete plans, or indeed any specification of when the some day will be—do not support a finding of 'actual or imminent' injury that [the law] requires."  Lujan, 504 U.S. at 564 (1992) (emphasis omitted).  In addition to the abstract terms in which Platform describes its future plans, Platform alleges that the SEC's enforcement of Section 15(a) has been "ad hoc," "uneven and inconsistent," and that other industries using the same "finder" framework Platform plans to implement "face no prospect of SEC regulation."  (Compl. ¶¶ 21, 26.)  Given the alleged irregularity of the SEC's enforcement of Section 15(a), the risk of a future enforcement action against Platform is doubly speculative.  Because Platform does not face imminent injury, it lacks standing, and the Court must dismiss the Complaint for lack of subject matter jurisdiction.[1]

---

[1] The SEC also moves to dismiss the Complaint on grounds that Platform's claim is not ripe.  "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003) (internal quotation marks omitted).  "Standing and ripeness are closely related doctrines that overlap most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical."  N.Y. Civil Liberties Union v. Grandeau, 528 F.3d 122, 130 n.8 (2d Cir. 2008).  As the already Court found with respect to standing,

*Footnote continued on next page . . .*

### b. Rule 12(b)(6) Motion

In addition to Platform's failure to establish standing, the Court must also dismiss the Complaint under Rule 12(b)(6) on the basis of collateral estoppel arising from the SEC's earlier lawsuit against Mr. Feng.  See Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994) (noting that collateral estoppel may be asserted via a Rule 12(b)(6) motion).[2]  Collateral estoppel, "also known as issue preclusion, bars a party from re-litigating in a second proceeding a factual or legal . . . issue that has already been decided against him in a prior proceeding."  Ferring B.V. v. Serenity Pharm., LLC, 391 F. Supp. 3d 265, 281-82 (S.D.N.Y. 2019).  There are four conditions for collateral estoppel to apply: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid

---

*. . . Footnote continued from previous page.*

Platform has not shown imminent injury.  Its claims are thus not ripe and subject to dismissal on that basis, as well.

[2]   In its brief, the SEC raises several Rule 12(b)(6) arguments in addition to collateral estoppel, but given the disposition reached in this order, the Court declines to consider them here.

11

and final judgment on the merits."  Faulkner v. Nat'l Geographic Enters. Inc., 409 F.3d 26, 37 (2d Cir. 2005).[3]

All the criteria for applying collateral estoppel are satisfied here.  The Complaint is built on the premise that Platform is exempt from Section 15(a) registration because it is a "finder[] of private capital" seeking to "raise funds for business ventures in transactions that do not involve" "securities exchanges or . . . over-the-counter markets." (Compl. ¶ 2; see also, e.g., id. ¶¶ 1, 3, 5.)  But Mr. Feng already litigated and lost that very issue before the Ninth Circuit Court of Appeals.  See SEC v. Feng, 935 F.3d 721, 733 (9th Cir. 2019).  There, he argued that Section 15(a) only applies "to individuals who trade securities on an exchange and not to those involved in transactions between private parties." Id.[4]  The Ninth Circuit considered and rejected that argument,

---

[3]   Collateral estoppel only applies "to the parties to a former litigation and to entities in privity with those parties."  Nabisco, Inc. v. Amtech Int'l, Inc., No. 95 Civ. 9699 (LBS), 2000 WL 35854, at *5 (S.D.N.Y. Jan. 18, 2000).  Here, there is no question that Platform is in privity with Mr. Feng, who was a defendant in the prior SEC action, incorporated Platform, and owns and serves as its attorney in the instant case.  (See Opp. at 26); see also Nabisco, 2000 WL 35854, at *6 ("Contemporary courts have broadly construed the concept of privity . . . to include any situation in which the 'relationship between the parties is sufficiently close to support preclusion.'" (quoting Amalgamated Sugar Co., LLC v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir. 1987)).

[4]   See also, e.g., Feng's Appellate Brief, SEC v. Feng, No. 17-56522 (9th Cir. Apr. 9, 2018) [dkt. no. 16] at 18 (arguing

*Footnote continued on next page . . .*

noting that private transactions are "commonly referred to as over-the-counter" transactions and that "[i]t is well established" that the Exchange Act was meant to protect investors "through regulation of transactions upon securities exchanges and in over-the-counter markets." Id. (emphasis, citation, and internal quotation marks omitted).

Because the sole issue Platform raises in this action was actually litigated and necessarily decided in the earlier case, collateral estoppel compels dismissal of the Complaint. Holding otherwise would open the door to the kind of gamesmanship and inefficiencies that the collateral estoppel doctrine serves to deter. See B&B Hardware, Inc. v. Hargis Indus., 575 U.S. 138, 140 (2015) ("Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time, and it encourages parties who lose before one tribunal to shop around for another. The doctrine of collateral estoppel or issue

---

. . . *Footnote continued from previous page.*

that "based on the text of § 15(a) of the Exchange Act, only persons utilizing exchange facilities are intended to be subject to broker registration"); Feng's Reply Brief, SEC v. Feng, No. 17-56522 (9th Cir. July 30, 2018) [dkt. no. 28] at 8 (arguing that Feng was exempt from registration because he was facilitating "private transaction[s] not offered pursuant to any kind of organized or even informal marketplace"). Indeed, Platform itself acknowledges the identity of the issues raised in this case and the prior action. (See Opp. at 26 (conceding that that "the legal issue involved" in both cases "is the same broker registration issue" (emphasis added)).)

preclusion is designed to prevent this from occurring."). Accordingly, the SEC's Rule 12(b)(6) motion is granted.

### c. Dismissal With Prejudice

The SEC requests that the Court dismiss this action with prejudice. (Memorandum of Law in Support of Motion to Dismiss, dated Oct. 4, 2019 [dkt. no. 17] at 18.)  Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with "the court's leave" and that "[t]he court should freely grant leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Appropriate reasons for denying leave to amend include, among other things, "futility of the amendment."  State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).  "A proposed amendment is futile, and need not be allowed, when it would fail to cure the deficiencies identified in the prior complaint."  Vierczhalek v. MedImmune Inc., 803 F. App'x 522, 526 (2d Cir. 2020) (summary order).

Here, Platform's only claims are for a declaratory judgment on the applicability of Section 15(a).  The Court agrees with the SEC that no possible amendment could save those claims from the fatal collateral estoppel effect of the prior litigation against Mr. Feng.  There is simply no way for Platform to plead around the fact that the only issue it raises here was already decided against its privy.  Any amendment would therefore be futile, making dismissal with prejudice appropriate.  See Weaver v. IndyMac Fed. Bank, No. 09 Civ. 5091 (LAP), 2019 WL 4563893,

14

at *9 (S.D.N.Y. Sept. 9, 2019) ("Where a plaintiff's claims are barred by collateral estoppel and further amendment would be futile, dismissal with prejudice is warranted" (citation and internal quotation marks omitted)).

### IV. CONCLUSION

To the extent they are not addressed above, the Court has considered Platform's other arguments and finds them unavailing.  For the foregoing reasons, the SEC's motion to dismiss is GRANTED with prejudice.  The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   August 3, 2020
         New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.